**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

*Connecticut Financial Center*     *(203)821-3700*
*157 Church Street*
*New Haven, Connecticut 06510*     *Fax (203) 773-5376*

November 9, 2011

William F. Dow III, Esq.
Jacobs & Dow LLC
350 Orange Street
New Haven, CT 06511

       **Re:**    <u>**United States v. David Kinney**</u>
               **Criminal No. 3:10cr126 (AVC)**

Dear Attorney Dow:

       This letter confirms the plea agreement between your client, David Kinney (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government" or "this Office") concerning the referenced criminal matter.

## THE PLEA AND OFFENSE

       The defendant agrees to plead guilty to Count One of the Information, charging him with conspiracy to violate the laws of the United States, in violation of 18 U.S.C. § 371, and to Count Two of the Information, charging him with making a false statement, in violation of 18 U.S.C. § 1001.

## 18 U.S.C. § 371

       He understands that, to be guilty of 18 U.S.C. § 371, the following essential elements of the offense must be satisfied:

     1.     That two or more persons entered the unlawful agreement charged in the Information;

     2.     That the defendant knowingly and willfully became a member of the conspiracy;

     3.     That one of the members of the conspiracy knowingly committed at least one of the overt acts charged in the Information; and

     4.     That the overt acts were committed to further some objective of the conspiracy.

## **18 U.S.C. § 1001**

He understands that, to be guilty of 18 U.S.C. § 1001, the following essential elements of the offense must be satisfied:

1. The defendant knowingly and willfully falsified, concealed, or covered up a material fact by a trick, scheme, or device; and

2. That regarded a matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States.

## **THE PENALTIES**

Each offense carries a maximum penalty of 5 years imprisonment and a $250,000 fine, for a maximum total of 10 years imprisonment and a $500,000 fine. In addition, under 18 U.S.C. § 3583, the Court may impose a term of supervised release of not more than three years to begin at the expiration of any term of imprisonment for each count of conviction. The defendant understands that, should he violate any condition of the supervised release, he may be required to serve a further term of imprisonment of up to two years with no credit for time already spent on supervised release.

The defendant also is subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense, estimated to be $1,247,500; or (3) $250,000.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction, for a total of $200. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

The defendant is also subject to restitution, as discussed below. Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. § 3572 (h), (i) and § 3612(g).

### Restitution

In addition to the other penalties provided by law, the Court must also order that the defendant make restitution under 18 U.S.C. § 3663A, and the Government reserves its right to seek restitution on behalf of victims consistent with the provisions of § 3663A. The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution. Restitution is payable immediately unless otherwise ordered by the Court.

Regardless of restitution that may be ordered by the Court noted above, the defendant

agrees to make restitution in the amount of up to $623,750, jointly and severally with his co-defendants listed in the judgment. The defendant agrees to make such restitution as ordered by the Court.

### Forfeiture

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and based on his commission of conspiracy, 18 U.S.C. § 371, as charged in Count One of the Information, the defendant agrees to forfeit a sum of money in the amount of $65,749.59.

Defendant agrees to make payment in full of the foregoing money judgment forfeiture, in the form of a certified or cashier's check payable to the U.S. Marshal Service, by at least 30 days prior to sentencing in this matter. The United States will agree to reasonable continuances of the sentencing date as needed by the defendant in order to arrange for and make timely payment, at least 30 days prior to the rescheduled sentencing date, of the agreed-upon money judgment forfeiture. If the said money judgment amount has not been paid as of the date of sentencing, the agreed-upon money judgment forfeiture shall nonetheless become a part of the judgment of sentence, and the United States shall be entitled pursue the seizure and forfeiture of any and all substitute assets in order to satisfy the money judgment forfeiture, pursuant to 21 U.S.C. § 853(p) and Fed. R. Crim. P. 32.2(e).

The defendant agrees to consent to the entry of an order of forfeiture for the above-specified money judgment amount, and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time his guilty plea is accepted.

The defendant agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of the above-listed assets covered by this agreement. The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant also understands and agrees that by virtue of his plea of guilty he waives any rights or cause of action to claim that he is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

## THE SENTENCING GUIDELINES

### Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

### Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. The defendant expressly understands that the Court is not obligated to accept the Government's recommendation on this reduction.

This recommendation is conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under Sentencing Guideline § 1B1.3, and (2) truthfully disclosing to the Probation Office personal information requested, including the submission of a complete and truthful financial statement detailing the defendant's financial condition.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (Sentencing Guideline § 3E1.1); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (Sentencing Guideline § 3C1.1); or (3) constitute a violation of any condition of release. Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw his plea of guilty or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility. The defendant understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make the recommendation or seeks denial of the adjustment for acceptance of responsibility.

### Stipulation

Pursuant to § 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into a stipulation, which is attached to and made a part of this plea agreement. The

defendant understands that this stipulation does not set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing. The defendant understands that this stipulation is not binding on the Court. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

Guideline Stipulation

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range.

The parties agree to the following: The defendant's base offense level under U.S.S.G. § 2B1.1(a)(2) is 6. That level is increased by 14 levels under U.S.S.G. § 2B1.1(b)(1)(I) because the reasonably foreseeable loss from the offense is greater than $400,000. Two additional levels are added under U.S.S.G. § 3B1.3 because the defendant abused of position of trust or used a special skill. Two levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above.

Based on an initial assessment, the parties agree that the defendant falls within Criminal History Category I. The parties reserve the right to recalculate the defendant's Criminal History Category and corresponding sentencing ranges if this initial assessment proves inaccurate. Thus, assuming a Criminal History Category I, the defendant has a total adjusted offense level of 20, which would result in a range of 33 to 41 months of imprisonment (sentencing table) and a fine range of $7,500 to $75,000, U.S.S.G. § 5E1.2(c)(3). The defendant is also subject to a supervised release term of 2 years to 3 years. U.S.S.G. § 5D1.2.

The defendant reserves his right to seek a departure or non-Guidelines sentence, and the Government reserves its right to object to any such arguments and seek whatever sentence it deems appropriate within the above described Guideline range.

The defendant expressly understands that the Court is not bound by this agreement on the Guideline ranges specified above. The defendant further understands that he will not be permitted to withdraw the plea of guilty if the Court imposes a sentence outside any of the ranges set forth in this agreement.

In the event the Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the Government expressly reserves the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

### Waiver of Right to Appeal or Collaterally Attack Conviction and Sentence

The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction and sentence. The defendant agrees not to appeal or collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241, the conviction or sentence imposed by the Court if that sentence does not exceed 41 months, a 3-year term of supervised release, a $75,000 fine, $623,750 in restitution, and $65,749.59 in forfeiture, even if the Court imposes such a sentence based on an analysis different from that specified above. The Government and the defendant agree not to appeal or collaterally attack the Court's imposition of a sentence of imprisonment concurrently or consecutively, in whole or in part, with any other sentence. The defendant acknowledges that he is knowingly and intelligently waiving these rights. Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) this waiver.

### Information to the Court

The Government reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

## WAIVER OF RIGHTS

### Waiver of Right to Indictment

The defendant understands that he has the right to have the facts of this case presented to a federal grand jury, consisting of between sixteen and twenty-three citizens, twelve of whom would have to find probable cause to believe that he committed the offense set forth in the information before an indictment could be returned. The defendant acknowledges that he is knowingly and intelligently waiving his right to be indicted.

### Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, and the right to compulsory process for the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives and gives up those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

### Waiver of Statute of Limitations

The defendant agrees that, should the conviction following defendant's plea of guilty pursuant to this plea agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

The defendant acknowledges that he is not a "prevailing party" within the meaning of Public Law 105-119, section 617 ("the Hyde Amendment") with respect to the count of conviction or any other count or charge that may be dismissed pursuant to this agreement. The defendant voluntarily, knowingly, and intelligently waives any rights he may have to seek attorney's fees and other litigation expenses under the Hyde Amendment.

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity

involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

## COLLATERAL CONSEQUENCES

The defendant further understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and will be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Bureau of Prisons or the Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his participation in the conspiracy charged in Count One of the Information and the false statement charged in Count Two of the Information, which forms the basis of the Information against the defendant in this case. After sentencing, the Government will move to dismiss the Indictment as to the defendant because the conduct underlying the dismissed counts will have been taken into account in determining the appropriate sentence.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, defendant will not be permitted to withdraw his plea of guilty.

## NO OTHER PROMISES

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

DAVID B. FEIN
UNITED STATES ATTORNEY


_____
MICHAEL S. McGARRY
ASSISTANT UNITED STATES ATTORNEY


The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

_____    11-9-11
DAVID C. KINNEY                    Date
The Defendant

I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

_____    11/9/11
WILLIAM F. DOW IIII, ESQ.          Date
Attorney for the Defendant

## STIPULATION OF OFFENSE CONDUCT

The defendant, David C. Kinney, and the Government stipulate to the following offense and relevant conduct that gives rise to the defendant's agreement to plead guilty to the Information:

1. On or about March 27, 2007, in connection with a mortgage on 38 Coit Street, New London, Kinney served as the settlement agent for the transaction and released a disbursement check in the amount of $49,100 to The Cutting Edge before he received the down payment listed on the HUD-1 settlement statement. In connection with this transaction, Kinney caused Option One Mortgage to wire funds into his IOLTA account at Wachovia Bank via interstate wire.

2. On or about March 27, 2007, in connection with a mortgage on 33-35 Prest Street, New London, Kinney served as the settlement agent for the transaction and released a disbursement check in the amount of $54,000 to The Cutting Edge before he received the down payment listed on the HUD-1 settlement statement. In connection with this transaction, Kinney caused Option One Mortgage to wire funds into his IOLTA account at Wachovia Bank via interstate wire.

3. On or about April 9, 2007, the defendant served as the settlement agent in a closing for 101-103 Colman Street, New London involving a mortgage from America's Wholesale Lender (Countrywide). Countrywide wired mortgage funds in an amount greater than $5,000 to the defendant's IOLTA account via interstate wire. Contrary to the HUD-1 settlement statement that the defendant submitted or caused to be submitted to Countrywide by private commercial carrier, which listed disbursements to be made in connection with the mortgage, the defendant had already, on or about March 5, 2007, disbursed funds to the seller, the mortgage broker, The Cutting Edge, and others. Kinney therefore knowingly and wilfully conspired with Stacey Petro and Individual # 1 to submit a materially false HUD-1 settlement statement to obtain mortgage funds, which funds were sent via interstate wire.

4. On or about November 5, 2007, in the District of Connecticut, in a matter within the jurisdiction of the Department of Justice, Federal Bureau of Investigation, an agency of the United States, Kinney did knowingly and willfully make a false, fictitious, and fraudulent material statement and representation, that is, he told two Special Agents that he never gave anyone a closing check prior to receiving the down payment money when in truth and in fact, as he well knew, he had, on multiple occasions, given individuals closing checks prior to receiving down payment money.

    This stipulation does not attempt to set forth every aspect of defendant Kinney's involvement in the conspiracy and in making the false statement, but rather to set forth those facts necessary to serve as a factual basis for his guilty plea in this case.

_____       11/9/11
DAVID C. KINNEY                                 Date
The Defendant

_____       11/9/11
WILLIAM F. DOW IIII, ESQ.               Date
Attorney for the Defendant

_____       11/9/11
MICHAEL S. McGARRY                Date
ASSISTANT UNITED STATES ATTORNEY

## RIDER CONCERNING RESTITUTION

The Court shall order that the defendant make restitution under 18 U.S.C. § 3663A. The order of restitution may include:

1. If the offense resulted in damage to or loss or destruction of property of a victim of the offense, the order of restitution shall require the defendant to:

    A. Return the property to the owner of the property or someone designated by the owner; or

    B. If return of the property is impossible, impracticable, or inadequate, pay an amount equal to:

The greater of -
(I) the value of the property on the date of the damage, loss, or destruction; or

(II) the value of the property on the date of sentencing, less the value as of the date the property is returned.

2. In the case of an offense resulting in bodily injury to a victim –

    A. pay an amount equal to the costs of necessary medical and related professional services and devices related to physical, psychiatric, and psychological care; including non-medical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;

    B. pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and

    C. reimburse the victim for income lost by such victim as a result of such offense;

3. In the case of an offense resulting in bodily injury that results in the death of the victim, pay an amount equal to the cost of necessary funeral and related services; and

4. In any case, reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.

The order of restitution has the effect of a civil judgment against the defendant. In addition to the court-ordered restitution, the court may order that the conditions of its order of restitution be made a condition of probation or supervised release. Failure to make restitution as ordered may result in a revocation of probation, or a modification of the conditions of supervised release, or in the defendant being held in contempt under 18 U.S.C. § 3583(e). Failure to pay restitution may also result in the defendant's re-sentencing to any sentence which might

originally have been imposed by the Court. See 18 U.S.C. §§ 3614; 3613A. The Court may also order that the defendant give notice to any victim(s) of his offense under 18 U.S.C. § 3555.